UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY CASTRO,<br><br>Plaintiff,<br><br>v.<br><br>COVELLO, et al.,<br><br>Defendants. | No. 2:23-cv-0694 KJM AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 7. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. 28 U.S.C. § 1915(b)(2). These payments will be forwarded by the appropriate agency to the Clerk of

the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. Id.

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

The complaint alleges that defendants Covello and Does 1-5 violated plaintiff's rights under the First and Fourteenth Amendments and state tort law. ECF No. 1.

Plaintiff alleges that between 2020 and 2022, Does 2-5 knowingly and willingly opened his legal mail on approximately four separate occasions outside of his presence. Id. at 5. Plaintiff asserts that the mail that was opened by Does 2-5 was clearly identified as legal/confidential mail and was correspondence between him, his lawyer, and his case manager with respect to an application for a Franklin hearing,[1] resulting in plaintiff's delayed response. Id. Plaintiff attaches a CDCR appeals claim decision granting his appeal based on assertions that his incoming confidential mail had been received through regular mail and was opened outside of his presence. Id. at 9.

Plaintiff also alleges that Does 2-5 actions were a result of Covello's and Doe 1's failure to train mailroom staff on how to handle legal mail. Id. at 6-7. Plaintiff asserts that after each violation staff were immediately notified, and that each time he sent a GA-22 form, a supervisor responded by acknowledging the legal mail violation and making promises to retrain staff so that

---

[1] It appears that plaintiff is referring to a hearing pursuant to People v. Franklin, 63 Cal. 4th 261 (2016), under which a prisoner may make a record of information relevant to his eventual youth offender parole hearing.

3

the situation would not happen again. Id. Despite such promises, mailroom staff continued to open plaintiff's legal mail outside of his presence. Id.

IV.     Claims for Which a Response Will Be Required

The use of fictitiously named Doe defendants is generally not favored. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted). However, amendment is allowed to substitute true names for fictitiously named defendants, see Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989), and plaintiff's allegations are sufficient to state a claim against Does 2-5 for opening his legal mail outside his presence multiple times in violation of the First Amendment, see Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211-12 (9th Cir. 2017) (finding sufficient allegations for First Amendment violations where mailroom staff opened plaintiff's mail on two separate occasions and prison officials confirmed the legal mail had been opened). See also Kiger v. Johnson, 2024 WL 345978, at *3 (E.D. Cal. Jan. 30, 2024) ("Two or three pieces of mail opened in an arbitrary or capricious way suffice to state a claim." (citation omitted)); Mangiaracina v. Penzone, 849 F.3d 1191, 1197 (9th Cir. 2017) ("The absence of a clear pattern beyond these two incidents does not preclude relief.").

Plaintiff's allegations against Doe 1, mailroom supervisor, for deliberate indifference based on failure to train subordinates are also sufficient to state a claim. Plaintiff has alleged the training of mailroom staff was inadequate, the supervisor promised to but failed to re-train mailroom staff and therefore made a conscious choice not to train, and this failure resulted in multiple violations of plaintiff's First Amendment rights. See Canell v. Lightner, 143 F.3d 1210, 1213-14 (9th Cir. 1998) (A supervisor's failure to train subordinates may give rise to individual liability under § 1983 where the failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact.); Boarman v. County of Sacramento, 55 F. Supp. 3d 1271, 1278 (citing Merritt v. County of Los Angeles, 875 F.2d 765, 770 (9th Cir. 1989)) (to state a claim for failure to train, plaintiff must allege (1) the existing training was inadequate; (2) the inadequate training was a deliberate choice on the part of the supervisor; and (3) the inadequate training actually caused a constitutional violation.).

Due to the impossibility of serving an unknown individual, if plaintiff chooses to proceed

on the complaint as screened, the court will not order service on the Doe defendants until plaintiff has identified them and filed either an amended complaint that names the defendants or a motion to substitute named defendants for the Doe defendants. Plaintiff shall promptly seek such information through the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff. If access to the required information is denied or unreasonably delayed, plaintiff may seek judicial intervention.

V.     Failure to State a Claim

   A. Defendant Covello

Plaintiff fails to state a claim against Covello. Plaintiff alleges that Does 1-5 were "employed and under the direction of the warden" and therefore he must be held to answer for their actions, ECF No. 1 at 6, but "[t]here is no respondeat superior liability under section 1983," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), and plaintiff has not alleged facts showing either Covello's personal involvement in the alleged violations or a causal connection between Covello's conduct and the violations, see Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). Plaintiff does not allege that Covello opened the legal/confidential mail himself or directed mailroom staff to do so. And unlike with defendant Doe 1, there is no indication that Covello was made aware that mailroom staff were opening plaintiff's legal/confidential mail and then failed to take action to stop it. Nor are there allegations that there was a pattern of similar violations that would have notified Covello of a need to further train or supervise his subordinates. See Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014) (pattern of similar violations ordinarily necessary to state a claim for failure to train). Because it appears Covello has been named as a defendant based solely on his position as warden, plaintiff has not stated a claim for relief against Covello.

Moreover, to the extent that plaintiff characterizes the warden's actions as a violation of due process, ECF No. 1 at 6, the claim fails because interference with inmate mail implicates the First Amendment and not the Due Process Clause. Violation of CDCR regulations or other state law, on which the putative due process claim appears to rest in part, id., also fails to amount to a

5

due process violation. See Sandin v. Conner, 515 U.S. 472 (1995) (limiting circumstances in which prison regulations give rise to constitutionally protected interests); see also Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (inmate may not "transform a state law issue into a federal one merely by asserting a violation of due process").

### B. Access to Courts

To the extent plaintiff is attempting to allege a claim for interference with his right to access the courts, he has failed to do so. To state a claim for the denial of access to the courts, a plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996). Here, although plaintiff alleges that the interference with his mail caused a delay in his response time to issue concerning his application for a Franklin hearing, he does not allege that such delay in fact prejudiced him, such that he missed a filing deadline or was unable to present a non-frivolous claim.

### C. State Law Claims

To the extent plaintiff is attempting to assert state law tort claims, such as negligence, against any defendant, such claims fail because he has not alleged compliance with the Government Claims Act. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004) (for claims against the state, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint); Cal. Gov't Code § 900.6 (defining "State" as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller").

## VI. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendant Covello, nor against any defendant for interference with plaintiff's right to access the courts or state law claims. However, it appears that plaintiff may be able to allege facts to remedy these defects, and he will be given the opportunity to amend the complaint if he desires. Plaintiff may either proceed forthwith against the Doe defendants, or he

6

may amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against the Doe defendants without amending the complaint, he will have sixty days to identify the Doe defendants for service. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of his claims against defendant Covello, and access to court and state tort claims against all defendants.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, generally, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

VII.    Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

The complaint states First Amendment claims against defendant Does 1-5 for interference with your mail, but it does not state a claim against defendant Covello. The warden is not legally responsible in a Section 1983 lawsuit for the acts of his subordinates. Your state law negligence claim cannot proceed because it does not appear from the complaint that you filed a claim under the California Government Claims Act, which is different from a 602. You have a choice to make. You may *either* (1) proceed immediately on your claims against Doe defendants based on deliberate indifference and First Amendment violations based on the opening of your mail without your presence, and voluntarily dismiss the other claims *or* (2) try to amend the complaint.

If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your access to court and state law claims, as well as your claims against Covello. The court will also not be able to serve the Doe defendants until you identify them, and this case may be dismissed if you are unable to identify any individuals for service. If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the third amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e., file an amended complaint or identify the Doe defendants).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff has stated First Amendment claims against Does 2-5, and a deliberate

8

indifference claim against Doe 1. The complaint does not state any other claims for which relief can be granted.

    4.   Plaintiff has the option to proceed immediately on his First Amendment and deliberate indifference claims against Does 1-5 as set forth in Section IV above, or to amend the complaint.

    5.   Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of his access to court and state law claims and claims against Covello.

DATED: September 30, 2024

*[signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY CASTRO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COVELLO, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-0694 AC P<br><br>NOTICE OF ELECTION |

　　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his First Amendment and deliberate indifference claims against defendants Does 1-5 without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his access to court and state law claims and claims against Covello pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Joseph Anthony Castro
　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1