1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSEPH ANTHONY CASTRO,                    No.  2:23-cv-0694 DC AC P

12              Plaintiff,

13         v.                                    ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14    COVELLO, et al.,

15              Defendants.

16

17         Plaintiff, a state prisoner proceeding without an attorney, seeks relief pursuant to 42

18    U.S.C. § 1983.  Pending before the court are plaintiff's first amended complaint ("FAC") and

19    plaintiff's motion to consolidate cases.  ECF Nos. 22, 23.

20         I.    Background

21              A.  Original Complaint

22         The original complaint alleged that defendants Covello and Does 1-5 violated plaintiff's

23    rights under the First and Fourteenth Amendments and state tort law.  ECF No. 1.  Specifically,

24    plaintiff alleged that between 2020 and 2022, Does 2-5 knowingly and willingly opened his legal

25    mail on approximately four separate occasions outside of his presence.  Id. at 5.  Plaintiff asserted

26    that the mail that was opened by Does 2-5 was clearly identified as legal/confidential mail and

27    was *correspondence between him, his lawyer*, and his case manager with respect to an application

28    ////

                                                    1

1  for a <u>Franklin</u> hearing,[1] and resulted in plaintiff's delayed response.  <u>Id.</u>  Plaintiff attached a

2  CDCR appeals claim decision granting his appeal based on assertions that his incoming

3  confidential mail had been received through regular mail and was opened outside of his presence

4  in violation of California Code of Regulations, Title 15, section 3141 and 3142.  <u>Id.</u> at 9.  Plaintiff

5  also alleged that the actions of Does 2-5 were the result of a failure by Covello (the warden) and

6  Doe 1 (a mailroom supervisor) failure to train mailroom staff regarding the proper handling of

7  legal mail.  <u>Id.</u> at 6-7.  Plaintiff asserted that after each violation staff were immediately notified,

8  and that each time he sent a GA-22 form, a supervisor responded by acknowledging the legal mail

9  violation and making promises to retrain staff so that the situation would not happen again.  <u>Id.</u>

10  Despite such promises, mailroom staff continued to open plaintiff's legal mail outside of his

11  presence.  <u>Id.</u>

12          B.  <u>Screening Order</u>

13          On September 30, 2024, the court screened plaintiff's original complaint and found that

14  plaintiff had stated First Amendment claims against Does 2-5, mailroom staff, and a deliberate

15  indifference claim against Doe 1, mailroom supervisor, but had not stated any claims against

16  Covello.  ECF No. 12 at 4-6.  Plaintiff was given the option of amending the complaint or

17  proceeding immediately on the cognizable claims against Does 1-5, but was advised that service

18  would not be ordered until plaintiff had identified Does 1-5 and filed either an amended

19  complaint that names the defendants or a motion to substitute named defendants for Doe

20  defendants.  <u>Id.</u> at 4-5.  Plaintiff informed the court that he wanted to amend the complaint.  ECF

21  No. 16.

22          C.  <u>First Amended Complaint</u>

23          Plaintiff alleges that Susan Townsend, mailroom supervisor, violated plaintiff's rights by

24  failing to train mailroom staff on how to handle confidential/legal/ privileged mail and by

25  allowing them to continue to open his confidential/legal/privileged mail.  ECF No. 22 at 3, 5, 6.

26

27  [1]  It appears that plaintiff was referring to a hearing pursuant to <u>People v. Franklin</u>, 63 Cal. 4th
   261 (2016), under which a prisoner may make a record of information relevant to his eventual
28  youth offender parole hearing.

1    Plaintiff claims that mailroom staff violated his First Amendment rights by opening numerous

2    letters from Human Services—not from an attorney—outside of his presence.  Id. at 3.  The

3    letters contained child protective services reports that related to his Franklin hearing but were not

4    from an attorney.  Id.  He alleges this happened five times, and that after each time he sent a

5    CDCR GA Form 22 and received a response from Townsend acknowledging his legal mailed was

6    opened outside his presence and that "staff would be properly trained" and it "would not occur

7    again."  Id. at 3, 5.

8         Plaintiff further alleges that because he filed grievances for the mail violations and named

9    Covello in said grievances, Covello was put on notice of the ongoing violations, and he should be

10   held responsible for failing to stop the ongoing violations and for failing to require Townsend to

11   train mailroom staff.  Id. at 5.  Plaintiff asserts that the fact that he had to file two separate

12   lawsuits based on ongoing violations, establishes an ongoing pattern.  Id.  Plaintiff claims that,

13   because of Townsend and Covello's violations, pages from the letters were lost and never

14   recovered, he was unable to deliver the complete reports to his attorney for his Franklin hearing,

15   and his mental health declined.  Id. at 3, 5-7.

16            D.  Motion to Consolidate

17        Plaintiff seeks to consolidate the present case, Case No. 23-cv-0694 DC AC ("Castro I"),

18   with Case No. 24-cv-0928 CKD ("Castro II").  ECF No. 23.  Plaintiff asserts that consolidation

19   would save the court time and resources "[b]ecause the claims are similar & all parties involved

20   are the same."  Id.  In Castro II, plaintiff presently alleges claims against defendants Townsend

21   and Covello for opening plaintiff's confidential/legal/privileged mail outside his presence *after* he

22   filed Castro I.  See Case No. 2:24-cv-0928-CDK, ECF No. 15.

23   II.   Statutory Screening of Prisoner Complaints

24        The court is required to screen complaints brought by prisoners seeking relief against "a

25   governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

26   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

27   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

28   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

1    A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3    Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

4    theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,

5    640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

6    stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a

7    constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

8    Franklin, 745 F.2d at 1227-28 (citations omitted).

9    "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

10   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

11   what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550

12   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

14   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,

15   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive dismissal for failure to state a

16   claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of

17   action;" it must contain factual allegations sufficient "to raise a right to relief above the

18   speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain

19   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

20   cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

21   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

22   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

23   relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

24   Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

25   content that allows the court to draw the reasonable inference that the defendant is liable for the

26   misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

27   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

28   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

4

1    pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

2    Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

3        III.  Failure to State a Claim

4        Plaintiff fails to state a claim against Townsend or Covello because the facts alleged do

5    not establish a violation of his First Amendment right not to have legal mail opened outside of his

6    presence.  See Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017) (holding that

7    prisoners and pretrial detainees "have a protected First Amendment interest in having properly

8    marked legal mail opened only in their presence").  According to plaintiff, the mail that was

9    opened outside of his presence was from a non-judicial government agency that handles

10   confidential matters and *not* from an attorney.  In the Ninth Circuit, "legal mail" in this context

11   means confidential communications between a prisoner and an attorney.  Nordstrom v. Ryan, 762

12   F.3d 903, 909 (9th Cir. 2014) (describing the right at issue as the right to be free from "prison

13   officials reading mail between a prisoner and his lawyer"); Keenan v. Hall, 83 F.3d 1083, 1094

14   (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998) ("[m]ail from the courts, as contrasted

15   to mail from a prisoner's lawyer, is not legal mail."); Hayes, 849 F.3d at 1211 (mail from the

16   courts is not legal mail for purposes of the First Amendment).  Mail from public and government

17   agencies is not "legal mail."  See Mann v. Adams, 846 F.2d 589, 590-91 (9th Cir. 1988) (per

18   curiam) (the Constitution does not require a prisoner be present when his mail sent "from public

19   agencies, public officials, recognized civil rights groups, and news media" is opened), cert.

20   denied, 488 U.S. 898 (1988); Grigsby v. Horel, 341 F. App'x 314, 314 (9th Cir. 2009) (mailings

21   to and from public and state agencies are not legal mail and can be read by prison staff); see also

22   O'Keefe v. Van Boening, 82 F.3d. 322, 325-27 (9th Cir. 1996) (mail from government agencies,

23   like grievance mail, is regular mail that can be read by prison employees to maintain prison

24   security).  Opening non-legal mail outside the plaintiff's presence, as is alleged here, does not

25   violate the Constitution.  See Hayes, 849 F.3d at 1211 (upholding dismissal of claims for opening

26   of non-legal mail).

27       Moreover, to the extent plaintiff seeks redress for failure to follow state law or prison

28   regulations governing prisoner mail, §1983 provides no basis for relief.  Such violations cannot

                                              5

1   be remedied under § 1983 unless they also violate a *federal* constitutional or statutory right.  See

2   Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised

3   on violation of federal constitutional right); Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1391

4   (9th Cir. 1997) (section 1983 creates cause of action for violation of federal law); Lovell v.

5   Poway Unified Sch. Dist., 90 F.3d 367, 370–71 (9th Cir. 1996) (federal and state law claims

6   should not be conflated; "[t]o the extent that the violation of a state law amounts the deprivation

7   of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section

8   1983 offers no redress").

9       IV.  No Leave to Amend

10      Leave to amend should be granted if it appears possible that the defects in the complaint

11  could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31

12  (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint

13  cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United

14  States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

15      The undersigned finds that, as set forth above, the FAC fails to state a claim upon which

16  relief may be granted.  Plaintiff has already been given an opportunity to amend the complaint

17  and advised what kind of information he needed to provide.  Given the additional facts provided

18  by plaintiff, it does not appear that further amendment would result in a cognizable claim.  As a

19  result, leave to amend would be futile and the complaint should be dismissed without leave to

20  amend.

21      V.   Plain Language Summary of this Order for a Pro Se Litigant

22      It is being recommended that your complaint be dismissed without leave to amend

23  because you have not alleged that any defendant violated your First Amendment right or acted

24  with deliberate indifference to your First Amendment rights.  You will not be provided another

25  opportunity to amend your claims because it is clear that additional facts could not fix the flaws in

26  your claims.

27  ////

28  ////

1

CONCLUSION

2        In light of the above, IT IS HEREBY ORDERED that plaintiff's motion to consolidate

3  (ECF No. 23) is DENIED without prejudice to re-filing in the event that the magistrate judge's

4  findings and recommendations are not adopted.

5        IT IS HEREBY RECOMMENDED that the FAC (ECF No. 22) be dismissed without

6  leave to amend for failure to state a claim, and this case be closed.

7        These findings and recommendations are submitted to the United States District Judge

8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

9  after being served with these findings and recommendations, plaintiff may file written objections

10 with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

11 and Recommendations."  Plaintiff is advised that failure to file objections within the specified

12 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

13 (9th Cir. 1991).

14 DATED: January 29, 2025

15 _____
   ALLISON CLAIRE
16 UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

7